IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA ANNETTE DEVIVO, Sui Juris; JOSEPH M. DEVIVO JR., Sui Juris; and CHRISTOPHER JOSEPH CALTABIANO, by and through his Attorney-in-Fact Lisa Annette DeVivo, pursuant to Durable Power of Attorney dated March 4, 2019, of record and never revoked;<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CAROL STROHM DEVIVO, JOHN F. DEVIVO, Estate of; DENISE DEVIVO-FARRER, RICHARD FARRER, LISA E. STONE, SIMONE GUSTUPHSON, RICHARD F. KLINEBURGERIII, Esq.; KLINEBURGER & NUSSEY, LLC, D. RYAN NUSSEY, Esq.;  FROM THE HIP INVESTMENTS LLC, CHRISTINA TRUST, as Custodian Gsran-Z LLC;  PELLEGRINO & ASSOCIATES LLC, DEBORAH FELDSTEIN, Esq.; DOMINIQUE PAGEN, JUSTIN MARKLE, JOANN TOUCH, JOSEPH DE LAGUARDIA, CYNTHIA SORA, Esq.; JOSEPH SWIFT, Esq.; ANTHONY RUFFO, JASON CHU, individually and officially; JOHN W. DZUREK, individually and officially; BETH BROWN, individually and officially; SENECA RESOURCES COMPANY, LLC,  SWEPI LP, Shell Western E&P Inc.;  CABOT OIL & GAS CORPORATION, JOSEPH LEVIN, | 8:26CV148<br><br>**MEMORANDUM AND ORDER** |

Hon., individually; STEPHEN SCHEFFLER, Hon., individually; REBECCA J. BERTRAM, Hon., individually; HOWARD FREED, Hon., individually; CHRISTOPHER GIBSON, Hon., individually; BENJAMIN TELSEY, Hon., individually; M. SUSAN SHEPPARD, Hon., individually; BENJAMIN PODOLNICK, Hon., individually; MICHAEL BLEE, Hon., individually; TARIQ CHAUDHRI, Hon., individually; KAREN ZUCKER, Hon., individually; CHRISTINE P. O'HEARN, Hon., individually;  BERKS COUNTY, PENNSYLVANIA, DOUGLASS TOWNSHIP POLICE DEPARTMENT,  MONTGOMERY COUNTY PENNSYLVANIA, NARBERTH POLICE DEPARTMENT, ATLANTIC COUNTY, NEW JERSEY, SOMERS POINT POLICE DEPARMENT,  TRYSTONE CAPITAL ASSETS LLC,  POPPY HOLDINGS LLC,  341 CONNECTICUT LLC, AMERICAN TAX LIEN FUND LLC, DREAM HOME ABSTRACT LLC, and JOHN AND JANE DOES 1-100,

Defendants.

This matter is before the Court on Plaintiffs' Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and pro se civil complaint (the "Complaint"), Filing No. 1. For the reasons stated below, the Court will dismiss this matter without prejudice for lack of venue and deny Plaintiffs' IFP Motion as moot.

2

## I. BACKGROUND

On April 3, 2026, Plaintiffs Lisa Annette DeVivo ("DeVivo"), Joseph M. DeVivo Jr. ("DeVivo Jr."), and Christopher Joseph Caltabiano ("Caltabiano"), "by and through his Attorney-in-Fact Lisa Annette DeVivo pursuant to Durable Power of Attorney dated March 4, 2019, of record and never revoked," Filing No. 1 at 8, filed their Complaint naming 50 defendants, including several New Jersey state court judges, a federal judge for the District of New Jersey, New Jersey and Pennsylvania municipalities and police departments, and various attorneys, individuals, and corporate entities with no discernible connection to the District of Nebraska. DeVivo, who is clearly the lead plaintiff and driving force behind this action, provides a Florida mailing address, though she does not reside in Florida as she "is currently unhoused, with no fixed place of abode." Filing No. 1 at 7. DeVivo also states she is unable to travel to Nebraska because she is unhoused. Filing No. 1 at 6. DeVivo's Florida mailing address is also listed as the mailing address for DeVivo Jr., but no contact information is provided for Caltabiano, other than the information provided for DeVivo as his alleged attorney-in-fact. Filing No. 1 at 8.

Plaintiffs seek recovery against the defendants pursuant to RICO, 18 U.S.C. § 1964(c), and 42 U.S.C. § 1983, among others. *See, e.g.*, Filing No. 1 at 6. The Complaint's allegations are vague and lacking in factual detail. As the Court understands it, DeVivo alleges she is the victim of "a thirty-year coordinated criminal enterprise," Filing No. 1 at 4, of fraud and identity theft, which has, among other things, defrauded her and her brother, DeVivo Jr., of their inheritance and resulted in the removal of her and Caltabiano's daughter, C.J.C., from her custody.[1] Plaintiffs seek damages, injunctive relief, including

---

[1] Though unclear, it appears DeVivo and Caltabiano were formerly married, though Plaintiff appears to allege the divorce decree dissolving their marriage is "void." *See* Filing No. 1 at 22.

return of DeVivo's daughter (who is now an adult) and a stay of all active arrest warrants against DeVivo in New Jersey and Pennsylvania, and declarations voiding various court orders. Filing No. 1 at 36–38.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cnty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

4

Here, Plaintiffs allege that this Court has federal question jurisdiction over the Complaint, and they argue that venue is proper in this district on three alternative grounds:

(a)    Nebraska    Bankruptcy    Nexus.    Cases    8:1992bk80952, 8:2002bk82042, 8:2022bk80904, and 8:2014bk81179—all filed in the Omaha Division—establish a documented DeVivo-name enterprise nexus in this District spanning more than thirty years.

(b) Neutral Forum Under 18 U.S.C. § 1965(b). Defendant Hon. Christine P. O'Hearn dismissed Plaintiff's federal petition against the anchor judicial defendant [Gibson] without substantive adjudication. On December 16, 2025, Richard F. Klineburger III stated on the open court record: 'the objection on any count is now conflicted out as it stands with the federal bench in New Jersey, so just move it around.' The ends of justice require a district entirely outside the enterprise's institutional reach.

(c) Nationwide Enterprise Under 18 U.S.C. § 1965(b). The enterprise operates across New Jersey, Pennsylvania, Connecticut, New Hampshire, Maine, Alabama, Arizona, New York, Florida, and Nebraska. No single district contains all defendants.

Filing No. 1 at 6. Upon review, however, the Court finds Plaintiffs' arguments fail to establish that venue is proper in this district.

First, while the Nebraska bankruptcy cases cited by Plaintiffs involved individuals with the last name of "Devivo" or "DeVivo," none of the individuals from the bankruptcy cases are parties to the present action, nor are they alleged to have any sort of connection to Plaintiffs or the events and claims at issue in the Complaint. The fact that there are individuals with past

bankruptcy cases in the District of Nebraska who happen to share the same last name as Plaintiffs in no way supports a finding of proper venue.

Plaintiffs' third argument that the alleged criminal enterprise operates across several states, including Nebraska, is wholly unsupported by any factual allegations in the Complaint. None of the events alleged in the Complaint occurred in Nebraska, and none of the parties are alleged to have any connection with, let alone reside in, Nebraska. Rather, a review of Plaintiff DeVivo's previous federal court filings, particularly in the District of New Jersey, show that Plaintiffs' claims relate to events and parties mainly in New Jersey. *See, e.g.*, *DeVivo v. Gibson*, No. 1:25-cv-16736 (D.N.J.); *DeVivo v. Sheppard*, 1:25-cv-16649 (D.N.J.); *DeVivo v. Hendricks, et al.*, No. 1:25-cv-14704 (D.N.J.); *DeVivo v. City of Somers Point, et al.*, No. 1:25-cv-01558 (D.N.J.); *DeVivo v. Superior Ct. of New Jersey, et al.*, No. 1:24-cv-08430 (D.N.J.).[2]

DeVivo's previous filings also demonstrate that the basis for Plaintiffs' second argument, the need for a neutral forum, is merely DeVivo's dissatisfaction with adverse rulings against her by the United States District Court for the District of New Jersey, rejecting claims similar to those raised here. *See, e.g.*, *Devivo v. O'Hearn*, No. CV 25-16057, 2025 WL 2977823, at *1 (D.N.J. Oct. 22, 2025) (noting "Plaintiff is dissatisfied with rulings previously made by the Honorable Christine P. O'Hearn, U.S.D.J., who has presided over at least six prior cases filed by Plaintiff," and, "[b]y dismissing her prior cases, Plaintiff alleges that Judge O'Hearn buried the truth, refused to correct the record, and allowed the fraud to continue" (internal quotation omitted)). Plaintiff's mere dissatisfaction with the previous rulings of a court where

---

[2] The Court can sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

venue for her action lies cannot serve as the basis for establishing venue in this district.

It is clear from the Complaint's allegations that no party resides in the District of Nebraska and a substantial part of the events giving rise to the causes of action did not occur in this district. Therefore, venue is not proper in this district and the Court will dismiss this case without prejudice to reassertion in the proper forum. *See* 28 U.S.C. § 1406(a). The Court finds dismissal without prejudice is appropriate here as an initial review of the Complaint raises serious concerns regarding the merit of Plaintiffs' claims as the Complaint contains only bare, conclusory allegations without any supporting facts to plausibly suggest that the defendants are liable for the misconduct alleged. *See* 28 U.S.C. § 1915(e)(2) (requiring a court to review in forma pauperis complaints and dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief). In addition, the United States District Court for the District of New Jersey, which appears to be the appropriate forum for Plaintiff's Complaint, has rejected claims like those raised in the Complaint against many of the same defendants, and, thus, Plaintiffs' continued litigation of their claims would appear to be duplicative and frivolous. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (district courts may dismiss duplicative complaints under 28 U.S.C. § 1915 as frivolous).

IT IS THEREFORE ORDERED that:

1.    Plaintiffs' Complaint, Filing No. 1, is dismissed without prejudice for lack of venue.

2.    Plaintiffs' Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied as moot.

7

3.      The Court will enter judgment by a separate document.

Dated this 9th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge